

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

April 11, 2016

By Hand and ECF

The Honorable Raymond J. Dearie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:   United States v. Alfredo Hawit et al.
>       Criminal Docket No. 15-252 (S-1) (RJD)

Dear Judge Dearie:

      The government respectfully submits this letter to provide the Court with an update in advance of the status conference scheduled for April 13, 2016.  Since the status conference held for defendant Napout on March 29, 2016, the government has continued to be engaged in providing voluminous discovery and in conducting plea negotiations with multiple defendants, one of whom, Alfredo Hawit, pleaded guilty earlier today.  As discussed below, the government also has conferred with defense counsel, per the Court's instruction, regarding a potential motion schedule and trial schedule.  While the parties have not reached consensus on the subject, the government sets forth below a proposed scheduling framework for the Court's consideration.

I.    Status of Defendants

      Table 1 below reflects the status of the eight defendants in the United States who are currently scheduled to appear before the Court at the status conference.  All but two of these defendants, Aaron Davidson and Héctor Trujillo, were in foreign countries when the charges against them were unsealed, and following formal extradition or other process have now appeared before the Court.  These eight defendants are listed below in order of the dates of their arraignment in this district:

Table 1

| Name (Def. No.) | Location | Date of Arraignment in EDNY |
|---|---|---|
| Aaron Davidson (11) | U.S. | May 29, 2015 |
| José Maria Marin (8) | U.S. | November 3, 2015 |
| Juan Ángel Napout (22) | U.S. | December 15, 2015 |
| Eduardo Li (2) | U.S. | December 18, 2015 |
| Héctor Trujillo (20) | U.S. | December 30, 2015 |
| Brayan Jiménez (18) | U.S. | March 2, 2016 |
| Rafael Esquivel (7) | U.S. | March 8, 2016 |
| Costas Takkas (4) | U.S. | March 22, 2016 |

With respect to the defendants still overseas, nine are currently subject to pending extradition proceedings. They are listed in Table 2 below in order of the approximate date, based on public reports, of their respective arrest or surrender:

Table 2

| Name (Def. No.) | Location | Date of Arrest or Surrender |
|---|---|---|
| Julio Rocha (3) | Switzerland | May 27, 2015 |
| Jack Warner (5) | Trinidad | May 27, 2015 |
| Nicolás Leoz (9) | Paraguay | June 1, 2015 |
| Hugo Jinkis (12) | Argentina | June 18, 2015 |
| Mariano Jinkis (13) | Argentina | June 18, 2015 |
| Manuel Burga (23) | Peru | December 4, 2015 |
| José Luis Meiszner (28) | Argentina | December 9, 2015 |
| Eduardo Deluca (27) | Argentina | December 10, 2015 |
| Reynaldo Vazquez (21) | El Salvador | December 16, 2015 |

Given the variability of the extradition process from country to country, the U.S. Department of Justice's Office of International Affairs generally does not make estimates about the length of time remaining until the conclusion of the extradition process, including any appeals, for any particular defendant. That said, the government can note the current status of one defendant, Rocha, based on recent updates from the Swiss authorities. Rocha's appeal of the original adverse extradition decision was denied by the Swiss Federal Criminal Court on March 16, 2016. He had 10 days to file a final appeal before the Swiss Supreme Court, and he has in fact appealed. Though the government cannot estimate how long the appeal may last, Rocha is at the last stage of the appellate process. If he elects to waive extradition prior to the conclusion of the appellate process, as other defendants have done, he would be transferred to the United States within 10 days.[1]

---

[1] The government has no public information to provide at this time with respect to the status of the remaining defendants. The remaining defendants (followed by defendant number) are Ariel Alvarado (16), Carlos Chávez (24), Luís Chiriboga (25), Marco Polo del Nero (26), Eugenio Figueredo (6), Romer Osuna (29), Rafael Salguero (19), and Ricardo Teixeira (30).

II.     Discovery

The government continues to provide discovery to the defendants on a rolling basis and expects to make additional disclosures during the coming weeks.  Where possible, the government is producing discovery materials with detailed indices in an effort to enable defense counsel to review the discovery efficiently and identify evidence of particular relevance to their respective clients.  In accordance with a proposal by counsel for defendant Napout, the government has agreed that by June 30, 2016, the production of Rule 16 discovery currently in the government's possession will be substantially complete, unless otherwise ordered by the Court.  Between now and that date, the government expects to produce, among other things, additional sets of electronic data in accessible, searchable formats to permit defense counsel the same ability to review the data that the government has, which the government believes will substantially assist the defendants in preparing for trial.  In addition, and importantly, the government's investigation is ongoing.  As such, it will continue to receive records from a variety of sources, including cooperating individuals and entities, as well as foreign governments acting pursuant to mutual legal assistance requests.  The government will continually review such records to determine whether they contain Rule 16 material (or otherwise give rise to disclosure obligations) and, if they do, disclose the records promptly to ensure non-interference with any briefing schedule and trial date set by the Court.

III.    Motion Schedule and Trial

As directed by the Court at the March 29 status conference, the government has conferred with the parties regarding a potential briefing and trial schedule in this case.  The government offers the schedule set forth below as a framework for the Court's consideration, with an eye toward balancing the interest in proceeding to trial expeditiously with the need to ensure adequate time for the defendants to review discovery and for briefing, argument, and rulings by the Court on what are sure to be legally and factually complex, and potentially lengthy, pre-trial motions.  In light of the Court's request for a realistic schedule, the government notes that the framework outlined below is tightly compressed and would require extremely efficient work throughout the coming year from all parties involved.  Indeed, counsel for the defendants are not in agreement as to whether this schedule is achievable given charges relating to an international racketeering enterprise, voluminous discovery, the duration of the charged racketeering conspiracy, the complexity of the alleged financial transactions and relationships, and dozens of charged defendants and uncharged co-conspirators.  On the other hand, counsel for one defendant has suggested that the schedule could be condensed further.

The scheduling framework outlined below anticipates three rounds of briefing.  First, on July 13, 2016, the defendants would submit motions pursuant to Rule 12(b)(3)(A), (B), and (D) of the Federal Rules of Criminal Procedure, with response and reply briefing to follow.  Such motions generally are directed at the face of the government's pleadings and do not require comprehensive review of Rule 16 discovery.  Next, on September 21, 2016, the defendants would file suppression motions, if any, pursuant to Rule 12(b)(3)(C); on the same date, the government would file motions relating to enterprise and other act evidence; and also on the same date, the parties would file motions relating to jury questionnaires and other aspects of jury selection.  Finally, on November 30, 2016, the parties would submit motions in limine regarding

3

evidentiary issues in advance of trial. The proposed schedule set forth below contemplates that jury selection would commence on February 27, 2017.

    A.  Discovery Substantially Complete With Regard to Evidence Currently in Government's Possession

· June 30, 2016

    B.  Defense Motions Pursuant to Rule 12(b)(3)(A), (B), and (D)

· Defense motions due July 13, 2016
· Government Response due August 17, 2016
· Defense Reply due September 7, 2016
· Status Conference/Argument September 14, 2016

    C.  Defense Rule 12(b)(3)(C) Motions; Government Motion to Admit Enterprise and Other Act Evidence; Jury Selection Motions

· Government Motions due September 21, 2016
· Defense Response due October 11, 2016
· Government Reply due October 26, 2016
· Status Conference/Argument November 3, 2016

    D.  Motions in Limine (All Parties)

· Motions due November 30, 2016
· Responses due December 21, 2016
· Replies due January 11, 2017
· Status Conference/Argument January 25, 2017

    E.  Jury Selection

· February 27, 2017

IV.     Conclusion

The government will be prepared to address these issues in greater detail at Wednesday's status conference.

Respectfully submitted,

ROBERT L. CAPERS
United States Attorney

By:     /s/
Evan M. Norris
Amanda Hector
Samuel P. Nitze
M. Kristin Mace
Paul Tuchmann
Nadia Shihata
Keith D. Edelman
Tanya Hajjar
Assistant U.S. Attorneys
(718) 254-7000

cc:     Counsel of record (by ECF)
        Clerk of Court (RJD) (by ECF)