UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA : <br> : <br> v.  : <br> : <br> JUAN ANGEL NAPOUT, : <br> : <br> Defendant. : <br> : | Case No. 15 CR 252 (S-2)(PKC) |

**REPLY IN SUPPORT OF JUAN ANGEL NAPOUT'S
MOTION TO VACATE ORDERS SEALING FOUR SEPARATE SEARCH
WARRANTS AND AFFIDAVITS IN SUPPORT OF THE WARRANTS
AND,
IN THE ALTERNATIVE, MOTION FOR RECONSIDERATION OF DISCLOSURE
DATE**

**GREENBERG TRAURIG**
John Pappalardo
Jacqueline Becerra

**PIÑERA-VAZQUEZ LAW FIRM**
Silvia B. Piñera-Vazquez

## REPLY

In his Motion To Vacate Orders Sealing Four Separate Search Warrants And Affidavits In Support Of The Warrants And, In The Alternative, Motion For Reconsideration Of Disclosure Date ("Motion to Vacate") [D.E. 596-1], Juan Angel Napout established that the search warrants, affidavits in support and ex parte applications at issue (the "Search Warrant Documents") should be unsealed because (1) the government cannot meet its burden to establish the required compelling need to continue sealing these documents on the purported grounds of witness safety and ongoing investigation; and (2) these documents are likely to be material to the defense, and the current disclosure date of August 6, 2017, deprives Mr. Napout of due process by materially inhibiting him from (a) effectively addressing any constitutional deficiencies in the warrants and affidavits in support, including in motions to suppress, and (b) otherwise preparing to address them in his defense at trial. As explained below, the government has failed to refute these inherent prejudices to Mr. Napout created by the continued sealing.

Significantly, in its Memorandum In Opposition To Napout's Motion To Vacate Four Orders Authorizing Deferred Disclosure Of Sealed Search Warrants [D.E. 607] ("Gov. Opp."), the government does not contest that Mr. Napout has a due process right of access to the Search Warrant Documents and that Mr. Napout needs the documents to prepare his defense. Gov. Opp., pp. 9-10. The government also does not and cannot deny that a court should only seal such documents where the government establishes a compelling need, and in those rare cases, only for a brief period of time. *See* Motion to Vacate, p. 33-4 and cases cited therein, including *United States v. Abuhamra*, 389 F.3d 309, 323, 328, n. 8 (2d Cir. 2004). As the government conceded, it bears the burden of proving specifically that the sealing of the Search Warrant documents is "essential to preserve higher values and is narrowly tailored to serve that interest." Gov. Opp. p.

2

6 (quoting *United States v. Alcantara*, 396 F.3d 189, 199 (2d Cir. 2005) (alteration omitted)).

Rather, the thrust of the Government's opposition is (1) to yet again make conclusory representations of a risk to witness safety and hindrance of an ongoing investigation, and (2) to claim that there is no infringement on due process and Mr. Napout's ability to prepare his defense because the Search Warrant Documents will be disclosed three months before jury selection (*i.e.* on August 6, 2017). These arguments neither withstand scrutiny nor justify continued sealing.

I. **The Government Has Not Shown That Disclosing The Search Warrant Documents Now, Rather Than August 6, Will Endanger Witnesses Or Materially Hinder An Ongoing Investigation**

Despite the thinly veiled position of the government that its conclusory representations of a risk to witness safety and hindrance of an ongoing investigation should not be questioned, the reality is that the government has not met its burden of proving either claim. The government has not provided any actual specific evidence showing how providing access to the Search Warrant Documents would endanger any witnesses or hinder an ongoing investigation. Rather, the government places heavy stock in arguing that the Search Warrant Documents will be disclosed on August 7, 2017. In doing so, however, the government misses the point and actually accentuates the problem. The real issue is not whether the government can generally show a danger to witnesses and hindrance of an ongoing investigation as a result of disclosure, but whether the government has specifically shown that shortening the time for disclosure by about six weeks (from August 7 to late June) creates a danger of witness safety or investigation hindrance. It has not.

With regard to witness safety, the government has offered no such reason, let alone a specific non-conclusory reason, why producing the Search Warrant Documents six weeks before

3

the current disclosure date of August 7 would create a compelling danger that would not exist on August 6, 2017, onward. While the government claims that it cannot give details such as "identities of [ ] witnesses" (Gov. Opp., pp. 11-12, n. 7) in its briefing, there is nothing prohibiting the government from explaining how in this case, rather than generally, revealing identities and other information in a search warrant affidavits would endanger witnesses between now and August 6, at which time the government repeatedly stated in its Opposition that it would disclose the Search Warrant Documents. The government also does not point to a single circumstance that will change between now and August 6 so as to support the continued sealing until that date, but not after. *See, e.g.*, *In re Search Warrants Issued Aug. 29, 1994*, 889 F.Supp. 296, 299–300 (S.D.Ohio 1995) (unsealing search warrant materials, and finding that "some six months after the search," the government did not show "wiretaps that have not been terminated . . . informants whose lives would be endangered . . . [or] other compelling government interests that would overcome movants' right to inspect the affidavit").

      Likewise, with regard to an ongoing investigation, the government has not explained, conclusory or otherwise, how a six week delay in disclosing the Search Warrant Documents will make a material difference in whether an ongoing investigation is compromised. Tellingly, the government has not addressed the authorities recognizing that claiming an ongoing investigation is far less compelling when the investigation has been ongoing for a significant time, and especially after an indictment has been obtained. For example, in *In re Search of 14416 Coral Gables Way, North Potomac, Md.*, 946 F.Supp.2d 414, 421-22 (D.Md. 2011), the court rejected the ongoing investigation as a "compelling interest" to continue sealing an affidavit, and noted the length of a pending investigation that was far shorter than the over six year investigation in this case.

4

> [The current investigation is not in its beginning stages . . . There is no assertion that this . . . is an investigation in tandem with a counter-intelligence or national security investigation. The initial investigation . . . began in May of 2009, almost two years ago. The grand jury investigation commenced soon thereafter in or about August of 2009. At the ex *parte* hearing the government said that they investigation was winding down and would be completed in the next several months. The search . . . occurred on November 30, 2010, four months ago. . . . This is time for the "identification of key participants and witnesses," as well as "sufficient time to interview and 'lock in' their testimony."

*Id*. at 422 (quoting *Search of 8420 Ocean Gateway Easton, Md.,* 353 F.Supp.2d 577, 582 (D.Md. 2004); other internal cites omitted); *see also In re Search Warrants Issued Aug. 29, 1994*, 889 F.Supp. at 299–300 (refusing to continue sealing search warrant documents six months after a search where "this is not an investigation in the preliminary stages, but rather the investigation of movants has been underway for almost three years").

Courts have also recognized that the issuance of an indictment factors against a claim of a need to continue sealing. *See United States v. All Funds on Deposit at Wells Fargo Bank in San Francisco, California, in Account No. 7986104185, Held in the Name of Account Services Inc., and All Property Traceable Thereto*, 643 F.Supp.2d 577, 581 (S.D.N.Y. 2009) ("Search warrant applications clearly form the basis for judicial decision making and generally are unsealed at later stages of criminal proceedings, such as upon the return of the execution of the warrant or in connection with post-indictment discovery.").[1]

---

[1] *See also In re Search Warrant*, 2016 WL 7339113, at *4-5 (S.D.N.Y. 2016) (explaining that "[s]ome government investigations end with the return of a criminal indictment that is filed with the court and available to the public [and] [o]ther investigations end without charges being brought"); *United States v. Thomas*, 1997 WL 269577, at *3 (E.D.Pa. 1997) (vacating order sealing search warrant documents an rejecting witness safety argument, and explaining that "any decision in a controversy of this nature depends upon the relevant facts, not the least of which is the present posture of this case, *i.e.,* **the Indictment has been filed**, the defendants apprehended and two already have plead guilty") (emphasis added); *In re Search Warrants Issued on May 21, 1987*, 1990 WL 113874, at *7, n. 6 (D.D.C. 1990) ("[T]he government has said in no uncertain terms that, with the exception of certain qualifications discussed, *infra,* there is no longer a governmental interest in keeping the instant affidavits sealed at this post-indictment stage of the

Conversely, the government has not cited any cases in its opposition where a claim of witness safety or an ongoing investigation supported continued sealing of search warrants and affidavits less than five months before trial, after a six year investigation, and the issuance of an indictment, let alone a second superseding indictment.[2]

Here, the claim of ongoing investigation is especially dubious because, in stark contrast to the cases protecting investigations in preliminary stages, the investigation at issue began over six years ago, and on June 14, 2017, the government has now filed a Second Superseding Indictment. It is axiomatic that the government would conclude the pending aspects of an investigation before seeking and obtaining a third indictment from the grand jury. Moreover, the government should not be permitted to strategically choose to file a new indictment against Mr. Napout and others, while continuing a secret investigation on other related issues.

The Southern District of New York has cautioned against letting the government have it "both ways" in the analogous context of refusing to seal a third indictment superseding indictment based upon an ongoing several year investigation.

> The Government cannot have it both ways; either the entire investigation-which admittedly began in 2000, more than five years before the statute of limitations on tax evasion was to expire-was part of one package, or it was not. The Government is not permitted to effectively extend the statute of limitations so that it may conduct an investigation at a leisurely pace by picking and choosing which parts of its investigation it considers integral.

*United States v. Gigante*, 436 F.Supp.2d 647, 659 (S.D.N.Y. 2006).

The bottom line is that it is readily apparent that, after years of investigation and now an original and two superseding grand jury indictments, disclosing the Search Warrant Documents

---

proceedings, i.e., the government does not contend that the criminal investigation which resulted in the instant indictments outweighs the public's First Amendment right to access to a portion of the sealed documents.").

[2] On June 14, 2017, the grand jury returned a Second Superseding Indictment against Mr.

6

six seeks earlier than August 6 would not materially hinder any ongoing investigation, and the government has not made the requisite showing otherwise.

## II. The Government Has Not Shown That Disclosing The Search Warrant Documents Now, Rather Than August 6, Will Not Infringe Upon Mr. Napout's Due Process By Materially Prejudicing His Ability To Prepare His Defense

The government has accurately represented the impact of continuing to deny access to the Search Warrant Documents at this late stage in the litigation. By simply asking the Court to change the pretrial schedule for filing motions (Gov. Opp., p. 10), the government fails to acknowledge the real impact of the current August 6, 2017 date for disclosure of the Search Warrant Documents occurring after the Court's deadline to file any motions to suppress. Even if the motion deadline were extended until a reasonable time after Search Warrant Documents are provided on August 7, 2017, the inherent prejudice would not cured. The withholding of those documents until only three months before trial would significantly prevent Mr. Napout from independently investigating and challenging the claims in the affidavits that resulted in the seizure of the items, and ultimately seeking to potentially suppress any evidence. At a bare minimum, the investigation, briefing and subsequent evidentiary hearings for any such motions to suppress would likely continue up until the eve of trial, taking up Mr. Napout's trial preparation time.

## III. The Government Cannot Avoid Its Burden To Justify The Sealing By Relying On The Temporary Aspect Of The Sealing Of The Search Warrant Documents

The thrust of all of the government's arguments is that the disclosure of the documents on August 6 solves everything, whether it be the denial of Mr. Napout's due process rights or preventing Mr. Napout from being able to prepare his defense. The government even claims that authorities cited by Mr. Napout do not apply because they involve "total denial of access." Gov. Opp., p. 9. Yet, the government strategically overlooks authorities denying even the temporary

7

sealing of search warrant documents. *See, e.g., In re Search of 8420 Ocean Gateway Easton, Maryland*, 353 F.Supp.2d 577, 578 (D.Md. 2004) (granting a May 14, 2004 motion to unseal search warrant affidavit, shortly after granting an April 26, 2004, motion to seal the search warrant affidavit in which motion the government had stated it "does not want to disclose the identities of the complaining witnesses ***at this time***") (Magistrate Judge Garvey) (emphasis added) (upheld in *In re Search Warrants Issued on April 26, 2004*, 353 F.Supp.2d 584, 591–92 (D.Md. 2004); *Matter of Up North Plastics, Inc.*, 940 F.Supp. 229, 233-34 (D.Minn. 1996) (denying "the extraordinary measure of sealing the court's records for a period of nine months" where "government has not shown a compelling interest"); *In re Search Warrants Issued Aug. 29, 1994*, 889 F.Supp. at 300 ("[T]he Court finds that the government has failed to demonstrate a legitimate basis upon which to maintain these materials under seal some six months after the search.").[3]

**IV.    If The Court Finds That The Government Has Proved A Compelling Need To Conceal Certain Information, The Government Has Not Factually Disputed That Redacting Information Would Be A Less Restrictive Means To Protect Information**

Mr. Napout presented authorities establishing that, where a court finds that certain information must be concealed, redacting the information rather than sealing the entire documents is the more appropriate and far less restrictive relief.[4]  The government has not

---

[3] *See also Bouzzi v. F & J Pine Restaurant, LLC*, 841 F.Supp.2d 635, 641–42 (E.D.N.Y. 2012) (denying request "to seal the settlement for a *finite period of time* to facilitate possible future wage claim negotiations" based upon "strong presumption of public access") (emphasis added).

[4] *See, e.g., Atwell v. City of New York*, 2008 WL 5336690, at *1–2 (S.D.N.Y. 2008); *United States v. Fabel*, 2006 WL 3469586, at *1 (W.D.Wash. 2006) ("[T]he Court has redacted those portions of the [search warrant] affidavit that it concludes should remain sealed [to protect informants], with the remainder ordered unsealed."); *In re Search Warrants Issued Aug. 29, 1994*, 889 F.Supp. at 299 (explaining that even if there is a compelling need to seal information, the entire document should not be sealed if "less restrictive means, such as redaction, [are] available").

presented a specific factual basis for refusing to use redaction rather than sealing. The government offers only a bare conclusion in a footnote (Gov. Opp., n. 7) that redaction would not work. This bare assertion falls far short of showing that sealing the entirety of the documents is the least restrictive means of protecting the government's concerns, in the event the Court determines the government has shown continued protection is needed. *See In re Search of 8420 Ocean Gateway Easton, Maryland*, 353 F.Supp.2d 577, 578 (D.Md. 2004) ("While the government has stated that meaningful redaction of the affidavit is impossible, the Court disagrees . . ."); *In re Search Warrants Issued Aug. 29, 1994*, 889 F.Supp. at 300, n. 4 ("To the extent that any informants are identified, their names and identifying information may be easily redacted.").

## CONCLUSION

For the reasons set forth above, Mr. Napout submits that the Court should grant Defendant Juan Angel Napout's motion to vacate the four April 25, 2017 Orders sealing the search warrants and affidavits in support of the warrants and direct the government to provide the Search Warrant Documents.

Respectfully submitted,

| | |
|---|---|
| **GREENBERG TRAURIG, LLP** | **PIÑERA-VAZQUEZ LAW FIRM** |
| 333 S.E. 2nd Avenue | International Center |
| Miami, Florida 33131 | 1900 S.W. 3rd Avenue |
| Tel: 305.579.0500 | Tel: 305.443.0629 |
| pappalardoj@gtlaw.com | sbp@pineravazquezlaw.com |
| becerraj@gtlaw.com | |
| | |
| s/ A. John Pappalardo | s/Silvia B. Piñera-Vazquez |
| A. John Pappalardo | Silvia B. Piñera-Vazquez |
| Jacqueline Becerra | |

9

CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 22, 2017, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that this document is being served simultaneously on all counsel of record in the manner specified, either by transmission of Notices of Electronic Filing generated by CM/ECF, or in another authorized manner.

s/Silvia B. Piñera-Vazquez<br>
Silvia B. Piñera-Vazquez, Esq.