UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                :
UNITED STATES OF AMERICA,                       :
                                                :
                                                :
     vs.                                        :   15 Cr. 252 (S-2)(PKC)
                                                :
JUAN ANGEL NAPOUT, et al.                       :
                                                :
               Defendants.                      :
                                                :
                                                :
-----------------------------------------------------------------X


**MEMORANDUM OF LAW IN RESPONSE TO THE GOVERNMENT'S
MOTION *IN LIMINE* TO ADMIT CERTAIN RACKETEERING EVIDENCE**


BALLARD SPAHR LLP
919 Third Avenue
37th Floor
New York, NY 10022
Telephone: 212.223.0200

JULIO BARBOSA, ESQ.
407 Lincoln Road PH-NE
Miami Beach, FL 33139
Telephone: 305.501.4680
(admitted *pro hac vice*)

*Attorneys for Defendant José Maria Marin*

## TABLE OF CONTENTS

Page

ARGUMENT ...................................................................................................................................1

POINT I:  THE GOVERNMENT FAILS TO PROVIDE A DESCRIPTION OF THE
PROFFERED EVIDENCE SUFFICIENT TO ALLOW FOR AN APPROPRIATE
ANALYSIS UNDER FEDERAL RULES OF EVIDENCE 401 AND 403 ..............................1

      A.      The Proffered Co-Conspirator Evidence ............................................................2

      B.      The Proffered Evidence Lacks Sufficient Detail To
                 Allow For The Analysis Required By Rule 403 ..................................................3

POINT II:  THE GOVERNMENT HAS NOT DEMONSTRATED THE PROBATIVE
VALUE OF THE PROFFERED EVIDENCE AND THUS ITS ADMISSION
SHOULD BE DENIED UNDER FEDERAL RULE OF EVIDENCE 403 ...............................8

CONCLUSION ................................................................................................................................9

## **TABLE OF AUTHORITIES**

**Page(s)**

*HJ, Inc. v. NW Bell Tel. Co.*, 492 U.S. 229, 240 (1989) .......................................................... 2, 4

*United States v. Ashburn*, 2015 WL 588704 (E.D.N.Y., Feb. 11, 2015) ..................................... 6

*United States v. Cole*, 857 F.2d 971, 976 (4th Cir. 1988) ........................................................... 6

*United States v. Miller*, 2004 WL 1946380, at *1 (S.D.N.Y. Aug. 31, 2004) ............................ 6

*United States v. Price*, 13 F.3d 711 (3d Cir. 1994) .................................................................... 6

*United States v. Yagi*, 2013 WL 10570994, at *10 (N.D. CA, Oct. 17, 2013) ............................ 6

### **Other Authorities**

18 U.S.C. § 3500 ........................................................................................................................... 8

Federal Rules of Evidence 401 .............................................................................................. *passim*

Federal Rules of Evidence 403 .............................................................................................. *passim*

Federal Rules of Evidence 404(b) .......................................................................................... *passim*

Defendant José Maria Marin ("Marin") submits this Memorandum of Law in response to the government's motion *in limine* to admit certain racketeering evidence at the upcoming trial. As we discuss below, the government's motion, while asking this Court to make an important determination weighing the probative versus prejudicial nature of the co-conspirator evidence it seeks to admit, offers essentially no specific information as to the nature of that evidence, thereby precluding a fair assessment of the issue by both the defense and the Court. Given the paucity of information provided by the government, this Court cannot conclude that there is a sufficient relationship between the co-conspirator evidence and the alleged conduct of the defendants on trial to support a finding that the evidence is part of a pattern under RICO. Accordingly, we respectfully request that the Court direct the government to provide further particulars as to the proffered co-conspirator evidence so that a proper consideration of the Rule 403 issue can be undertaken. In the interim, consideration of the government's motion should be deferred until such information is provided or otherwise denied.

## ARGUMENT

### POINT I

**THE GOVERNMENT FAILS TO PROVIDE A
DESCRIPTION OF THE PROFFERED EVIDENCE
SUFFICIENT TO ALLOW FOR AN APPROPRIATE
ANALYSIS UNDER FEDERAL RULES OF EVIDENCE 401 AND 403**

The problem with the government's *in limine* motion is perhaps best illustrated by its own words. After purportedly setting forth the co-conspirator evidence it seeks to admit at this trial, the government's memorandum of law includes a footnote explaining that its "overview ... does not list all of the evidence it will seek to introduce to prove the [RICO] pattern... ." Rather, the government writes, "the purpose of this overview is to identify some of the conduct the government will prove in its case in chief so the Court can resolve any categorical objections by

1

the defendants in advance of trial." See Gov't Memo. at 17, n.8. As we discuss below, what follows is, at best, no more than a general outline of several categories of proffered evidence. Most respectfully, this is not what the defense -- nor we expect the Court -- understood to be the purpose of this motion, as without a more specific description of the evidence at issue, a sound analysis of the probative versus prejudicial nature of that evidence is not feasible.

A.   The Proffered Co-Conspirator Evidence

Count One of the superseding indictment charges a RICO conspiracy that allegedly involved various sports marketing companies either agreeing to pay, or in fact paying, bribes to various soccer officials, including the three defendants on trial, in order to secure media and marketing rights for various soccer tournaments. The government now seeks admission of additional evidence that some of those same sports marketing companies paid (or agreed to pay) bribes to other soccer officials for rights to other tournaments, as well as paying bribes to other soccer officials who either preceded or succeeded the defendants in their various roles. The government asserts that the evidence of co-conspirator conduct being proffered is relevant because it supposedly supports the criteria for establishing a pattern of racketeering conduct, as described by the Supreme Court in *HJ, Inc. v. NW Bell Tel. Co.*, 492 U.S. 229 (1989). The government suggests that the co-conspirator evidence -- when compared with the alleged conduct of the defendants on trial -- "will show how the criminal acts by the defendants and their co-conspirators had 'the same or similar purposes, results, participants, victims [and] methods of commission' as other bribery schemes within the pattern and were 'not isolated events.'" Gov't Memo. at 14 (quoting *HJ, Inc.*, 492 U.S. at 240).

The problem, however, is that the description of the alleged conduct of the co-conspirators (as well as defendant Marin for that matter) is virtually devoid of any detail. Rather,

the government sets out five general categories of evidence it seeks to admit in addition to the evidence it plans to offer as to the alleged conduct of the three defendants in the current indictment. The five categories can be summarized as follows:

1. Certain of the sports marketing agencies that are alleged to have paid (or agreed to pay) bribes to the defendants on trial with respect to the rights to the Copa America and Copa Libertadores tournaments also paid bribes to "other soccer officials" "over many more years" with respect to those tournaments.

2. One of the sports marketing agencies (Traffic) alleged to have bribed CONMEBOL officials, also "entered into a similar scheme with CONCACAF officials" relating to a CONCACAF tournament known as the Gold Cup. Another agency (Full Play) "paid bribes to three [unidentified] CONCACAF officials" in an unsuccessful effort to obtain marketing rights for that and other CONCACAF tournaments.

3. "[O]ther soccer officials" (including Marin's predecessor and successor) "received bribes" relating to media and marketing rights to the Copa do Brasil tournament.

4. "[T]he sports marketing companies" sought influence over soccer federation presidents and "the loyalty of the soccer officials" by "paying bribes and kickbacks" with respect to "World Cup Qualifier matches and/or other friendly matches."

5. While "co-conspirator soccer officials were receiving bribes" relating to previously identified tournaments, "some of the same officials" were bribed with respect to the World Cup and Club World Championship tournaments, as well as sponsorship rights relating to "footwear, apparel, accessories, and equipment."

Gov't Memo. at 11-13.

B.  The Proffered Evidence Lacks Sufficient Detail
    To Allow For The Analysis Required By Rule 403

The government's proffer offers no more detail as to this alleged conduct than is summarized above. For example, missing from this proffer is information as to when payments were made, the amounts of the payments, the methods or means of the payments, the identities of the "other soccer officials" who purportedly received them, and the circumstances as to how the

3

agreements were reached (*i.e.,* in person meeting, email, other written form). Respectfully, that is the type of detail that would allow the defense (and the Court) to assess fairly the extent to which that co-conspirator conduct actually shared many of the factors cited in *HJ, Inc.* as relevant to determining if the relationship among various predicate acts make them part of a pattern of racketeering or, in other words, their probative value.

This point is clearly illustrated by the second of the five categories of evidence proffered by the government. As the government describes it, a Miami-based affiliate of one of the sports marketing agencies (Traffic) that allegedly bribed CONMEBOL officials, "entered into a similar scheme with CONCACAF officials" with respect to the award of the media and marketing rights to the Gold Cup tournament. Another agency (Full Play) allegedly bribed three CONCACAF officials in an unsuccessful effort to "expand into the CONCACAF region." (Gov't Memo. at 12, 16).

The government now apparently asserts that such information alone is sufficient for this Court to conclude that the conduct of those marketing agencies with respect to CONCACAF are additional predicate acts and -- along with the alleged conduct of the defendants here -- are part of the pattern of racketeering underlying Count One of the superseding indictment. But that information, respectfully, is far too general to support such a conclusion.

For example, one of the factors cited by *HJ, Inc.* as relevant to a pattern is whether certain acts have similar "results." *HJ, Inc.*, 492 U.S. at 240. Here, the government itself notes that Full Play's effort to bribe unnamed CONCACAF officials was unsuccessful, as opposed to the alleged success of the same marketing company in bribing (or agreeing to bribe) CONMEBOL officials. Without details such as who was actually paid, what discussions and/or agreements were reached, and what the payment methods were to be, one cannot assess why the

4

alleged effort by Full Play with respect to CONCACAF was not successful and why, perhaps, it does not fit as part of the pattern of racketeering acts underlying Count One.

The point is that the defense cannot fairly analyze the issue based on the limited descriptions of the proffered evidence.[1]  Apparently in the government's view, the probative value of this entire general category of evidence can be established by simply noting that it has evidence of bribes (or agreements to bribe) soccer officials to obtain media or marketing rights with respect to a different soccer confederation in a different part of the globe.  Respectfully, that was not what the defense understood to be the purpose of this motion.  The expectation was that the government's motion would provide the type of detail to allow for the assessment of specific pieces of evidence, as is typical in determining during trial if something should be admitted. Only with that detail can one fairly assess if there are differences or similarities sufficient to contest (or not) its relatedness to other evidence, and thus its admissibility.

As a separate example, none of the government's proffered evidence provides the amounts of the bribes allegedly paid (or agreed upon), how the payments were made, nor the length of time over which the payments took place.  Such information, we submit, is significant in assessing the prejudicial impact of admitting that evidence at trial.  If it were the case that a co-conspirator made payments far in excess of anything allegedly received by a defendant here, that could have an outsize prejudicial impact on the jury.  Or if such a payment were made in a form that would be viewed as particularly secretive or concealing, it too could be overly harmful. Again, this may or may not be the case, we just cannot know without further detail.

---

[1] As we discuss further below, that analysis is further hampered by the limited particulars provided to date by the government concerning any specific conduct allegedly undertaken by defendant Marin.

*United States v. Ashburn*, 2015 WL 588704 (E.D.N.Y., Feb. 11, 2015)(Garaufis, J.) is instructive. The case involved, among other charges, a RICO conspiracy alleged against the purported members of a gang known as Six Tre Folk Nation. While the context is obviously far afield from this case, *Ashburn* is useful in demonstrating the type of specificity as to co-conspirator conduct that, we submit, is needed for any court to conduct a proper analysis under Federal Rules of Evidence 401 and 403.

In *Ashburn*, the government made an *in limine* motion to introduce certain crimes and bad acts not detailed in the indictment, contending, among other grounds, that it represented "direct evidence of an illegal enterprise" under RICO. *Id.* at *7. The proffered evidence included a number of different categories of evidence (*i.e.*, the foundation of the gang, assaults, shootings, narcotics sales). Unlike the situation here, however, the Court appears to have been given detailed specific descriptions of the pieces of conduct the government sought to introduce. Indeed, the Court there spends many pages of its opinion (*see id.* at *12-*21) analyzing what appear to be both specific acts itemized by the government, as well as proffered testimony of witnesses. Respectfully, no such analysis is possible here given the lack of detail in the evidence proffered by the government. *See also United States v. Yagi*, 2013 WL 10570994, at *10 (N.D. CA, Oct. 17, 2013)(Chen, J.)(in the context of a Rule 404(b) motion, court notes that "questions of notice" are relevant to the issue of whether the defendant is subject to "unfair surprise" under Rule 403)(citing *United States v. Price,* 13 F.3d 711 (3d Cir. 1994) and *United States v. Cole,* 857 F.2d 971, 976 (4th Cir. 1988)); *United States v. Miller*, 2004 WL 1946380, at *1 (S.D.N.Y., Aug. 31, 2004)(Patterson, J.)(denying admission of certain Rule 404(b) evidence because, among other reasons, "the proffer of prior acts lacks specificity as to time, place and participants" and "[t]hus, it is difficult to rebut").

We also note that the government's proffer of very general categories of evidence contradicts what, we submit, it has previously advised was the purpose of this motion in the first place. Again, it was counsel's understanding that this pretrial motion was to be the equivalent of what would occur during the course of a trial, when a court is typically provided with a detailed proffer of the evidence sought to be admitted. *See* Tr. of April 6, 2017 Hearing at 60 (the government advised that, with respect to its anticipated motion under Rule 403, "we always <u>detail</u> that in a motion for the Court to say, these are the other things that we need to prove in order to prove the pattern, to show relatedness, to show the threat of continuing activity. And so we will <u>detail</u> that, and the defense can argue that something's too prejudicial, or it's cumulative.")(emphasis supplied) and at 86-87 (government's discussion of the purpose of its "other acts motion").[2] *See also* Gov't March 10, 2017 Letter to the Court (at n.1), attached as Exh. B to the Mitchell Aff. ("As the government will <u>detail</u> in a pre-trial motion to admit enterprise and Rule 404(b) evidence, the government anticipates offering evidence of transactions tainted by the unlawful conduct of others as direct proof of the charged enterprise and corruption thereof ... .")(emphasis supplied). What the government has provided in its motion is, we submit, decidedly not a detailed description of proffered evidence.

Finally, it is important to emphasize that, while the government's *in limine* motion is directed to co-conspirator evidence, any Rule 403 analysis now would also be severely hampered by the continuing absence of particulars as to Marin's own alleged conduct. Indeed, after the filing of this *in limine* motion, counsel for Marin wrote to the government seeking further detail as to the conduct its memorandum of law references concerning Marin directly. *See* Stillman Letter dated July 13, 2017, attached as Exh. C to the Mitchell Aff. The government rejected that

---

[2] The relevant pages of the transcript are attached as Exhibit A to the accompanying Affirmation of James A. Mitchell dated July 27, 2017 (the "Mitchell Aff.").

7

request, noting that "much of the requested information is contained in material that will be provided pursuant to 18 U.S.C. § 3500 on the schedule set by the Court." *See* Gov't Letter of July 14, 2017, attached as Exh. D to the Mitchell Aff. The government further writes that, in its view, the indictment, discovery and other government pretrial submissions "together provide more than enough information about your client's conduct and the conduct of his co-conspirators to permit you to evaluate and respond to the government's Motion to Admit, which seeks a ruling on the admissibility of certain categories of conduct, not particular pieces of evidence." *Id.*

While that may be the government's opinion, with all due respect, it is not efficient, nor even feasible for counsel to try to address (and have the Court determine) the probative versus prejudicial nature of such very general categories of conduct. We respectfully suggest that an appropriate remedy for this problem is for the Court to defer any resolution of the government's motion until it provides sufficient detail with respect to the proffered co-conspirator evidence to enable defense counsel to properly respond. Only then can the Court fairly assess the admissibility of that evidence under Federal Rules of Evidence 401 and 403.[3]

## POINT II

### THE GOVERNMENT HAS NOT DEMONSTRATED THE PROBATIVE VALUE OF THE PROFFERED EVIDENCE AND THUS ITS ADMISSION SHOULD BE DENIED UNDER FEDERAL RULE OF EVIDENCE 403

For all of the reasons discussed in Point I, above, the government to date has not provided information as to the alleged co-conspirator evidence in sufficient detail to allow a fair assessment of: (1) whether that evidence is relevant to its RICO conspiracy charge; or (2) the

---

[3] One possible solution is to accelerate the production date of the material to be produced pursuant to 18 U.S.C. § 3500 (currently scheduled for September 25, 2017), with the government's identification of the material found therein that it intends to use at trial as co-conspirator evidence.

8

prejudicial impact of such evidence. Accordingly, if a determination of the government's motion is not deferred until further detail is provided, it is respectfully submitted that the motion should be denied.

## CONCLUSION

For all of the reasons discussed, this Court should: (1) defer any resolution of the government's *in limine* motion until the it provides sufficient detail with respect to the proffered co-conspirator evidence to enable a fair assessment of both the probative value and prejudicial impact of that evidence; (2) in the alternative, deny the government's *in limine* motion; and (3) order such further relief as the Court deems appropriate.

Dated: July 27, 2017

BALLARD SPAHR LLP

By: _____/s/_____
     Charles A. Stillman

James A. Mitchell
Bradley Gershel
919 Third Avenue
37th Floor
New York, NY 10022
Telephone: 212.223.0200

JULIO BARBOSA, ESQ.
407 Lincoln Road PH-NE
Miami Beach, FL 33139
Telephone: 305.501.4680
(admitted *pro hac vice*)

*Attorneys for Defendant José Maria Marin*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of July, 2017, I caused the foregoing Memorandum of Law to be electronically filed with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all parties.

Dated: July 27, 2017

_____
James A. Mitchell

*Attorney for Defendant José Maria Marin*