

U.S. Department of Justice

United States Attorney
Eastern District of New York

PT:SPN/MKM/KDE

271 Cadman Plaza East
Brooklyn, New York 11201

March 22, 2018

By Hand and ECF

The Honorable Pamela K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Juan Ángel Napout, et al.
     Criminal Docket No. 15-252 (S-2) (PKC)

Dear Judge Chen:

  The government respectfully submits this letter to provide courtesy copies of certain materials previously produced to the defendants and the Court in advance of trial pursuant to 18 U.S.C. § 3500, but which defendant Napout did not include in the attachments to his sealed reply (the "Reply Brief") in support of his motion for a new trial pursuant to Federal Rule of Criminal Procedure 33 (the "Rule 33 Motion").[1]

  In his Reply Brief, Napout continues to press the baseless argument, unsupported by the facts or the law, that the purported absence of certain information in the 3500 materials for witness Alejandro Burzaco constituted a Brady violation. In light of Napout's incomplete and misleading description of the relevant 3500 materials, and for the Court's convenience, the government hereby resubmits to the Court the relevant 3500 materials that relate to Burzaco's testimony concerning the events of late 2014, which were disclosed to the defendants six weeks in advance of trial, and seven weeks before Burzaco testified. These materials, taken together, make clear that Napout was on notice long before trial that Burzaco had informed the government that (1) after Julio Grondona's death in August 2014, Burzaco first visited Asuncion, Paraguay to attend a CONMEBOL meeting in October 2014 (3500-AB-7(a) at 8; 3500-AB-7(b) at 5); (2) during Burzaco's first visit to Asuncion following Grondona's death, i.e., in October

---

[1] The government encloses the following documents referenced herein, which, together with a hard-copy of this letter, will be hand-delivered to the Court: 3500-AB-7(a) and (b) (report and notes); 3500-AB-11(a) and (b) (report and notes); and 3500-AB-13(a) and (b) (report and notes). Napout included only 3500-AB-11(a) and (b) with his Reply Brief. Because these materials are the subject of a protective order, have potential implications for witness safety and reference information that is the subject of an ongoing investigation, the government requests that they be maintained under seal. See United States v. Amodeo, 44 F.3d 141, 147 (2d Cir. 1995) (need to protect the safety of witnesses and the integrity of an ongoing investigation may be compelling reasons justifying sealing).

2014, Burzaco met with Napout and Marco Polo Del Nero, during which meeting Burzaco explained the current allocation of bribes among the various soccer officials and took direction from Napout and Del Nero (3500-AB-11(a) at 3-4, 7; 3500-AB-11(b) at 5-6, 14); and (3) Burzaco traveled to Asuncion in October 2014 by private plane (3500-AB-13(a) at 10; 3500-AB-13(b) at 19).  Thus, long before trial Napout had sufficient notice of Burzaco's expected testimony about these topics to prompt him to search for immigration or travel records relating to Burzaco's travel to Paraguay in late 2014.

The government provides these materials to ensure that the Court has a complete record before it, but notes that the Court need not reach the contents of the 3500 materials to dispose of Napout's arguments relating to "newly discovered evidence," which fail on numerous other grounds – including that the records do not indicate that Burzaco perjured himself – as set forth in the government's opposition brief.  The government notes, for example, that Napout's argument that the apostille certificates are sufficient on their own to establish the admissibility of the documents at issue is wrong, and unsupported by the authorities cited in his own brief.  Even assuming the apostilles satisfy the requirements of Rule 903(2) (which the government questions for a number of reasons, including that the apostilles do not appear to certify the signatures on the manifests, as opposed to the cover letter provided with the manifests, see generally Neelon v. Krueger, No. 12-CV-11198-IT, 2015 WL 13677813, at *2 (D. Mass. Sept. 8, 2015)), that would only establish the authenticity of the records, not their admissibility under an exception to the rule against hearsay.  See, e.g., United States v. Vidrio-Osuna, 198 F. App'x 582, 583-84 (9th Cir. 2006) (recognizing that apostille did not address rule against hearsay and upholding admission of birth certificate only because the document satisfied the requirements of Fed. R. Evid. 807); United States v. Szehinskyj, 104 F. Supp. 2d 480, 491-92 (E.D. Pa. 2000), aff'd, 277 F.3d 331 (3d Cir. 2002) (undertaking hearsay analysis after finding authenticity pursuant to Rule 902(3)).  Moreover, Napout's Reply Brief does not address his failure to seek the records at issue until three weeks after Burzaco completed his testimony, to seek additional time from the Court if needed, or to bring the purportedly newly discovered evidence, such as it was, to the Court's attention while the case was still open.

For the foregoing reasons, and the reasons set forth in the government's opposition brief, the Rule 33 Motion should be denied in its entirety.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:     /s/
       Samuel P. Nitze
       M. Kristin Mace
       Keith D. Edelman
       Assistant U.S. Attorneys
       (718) 254-7000

Enclosures
cc:    Counsel of record (letter and enclosures by E-mail)
       Clerk of Court (PKC) (by ECF) (enclosures by hand)