**Hughes Hubbard & Reed**

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Office: +1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

Marc A. Weinstein
Partner
Direct Dial: +1 (212) 837-6460
Direct Fax: +1 (212) 299-6460
marc.weinstein@hugheshubbard.com

October 3, 2018

Hon. Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   Juan Angel Napout (Docket No. 1:15-cr-00252-PKC-RML-22)

Dear Judge Chen:

On behalf of Juan Ángel Napout, we object to the presentation of an expert witness by CONCACAF at the restitution hearing. By Order dated August 21, 2018, the Court required any victim wishing to provide the Court with additional information on restitution to do so by August 31, 2018. The Order made clear that any such submission "provide all legal and factual support upon which the claim is based, including any documentary support and the names of witnesses to be called at the October 4th hearing and the general subject of the anticipated testimony." On August 31, the deadline for such submissions, CONCACAF requested by letter a one-week extension of the filing date, to September 7, to permit its retained expert economist to complete his work for CONCACAF's submission. Mr. Napout consented to that request, which the Court granted, because it still provided Mr. Napout sufficient time to respond to CONCACAF's submission and prepare for the October 4 hearing.

In its September 7 filing, CONCACAF did not state, as the Court's prior scheduling order required, that it intended to call Professor Matheson to testify at the hearing. Rather, CONCACAF stated that it would be prepared to present Professor Matheson "to the extent the Court would be assisted by it." (Sept. 7 Ltr. at 5). At no time subsequently did the Court inform the parties that such assistance was necessary.

This afternoon, and without any advance notice, CONCACAF made a sealed supplemental submission to the Court to, among other things, "preview the testimony that CONCACAF intends to elicit at the hearing," and "offer a declaration relating to that hearing." CONCACAF's intention to call the witness and to provide support for the witness' testimony was exactly what the Court required CONCACAF to submit by August 31, and by extension, September 7. CONCACAF offers no justification for ignoring the deadline, much less a

justification for filing this belated submission just prior to the hearing. Counsel for Mr. Napout has not yet had an opportunity to review the submission in detail or prepare for any cross-examination of Professor Matheson. In light of these circumstances, Mr. Napout objects to CONCACAF calling a witness to testify at the hearing. At the very least, Mr. Napout requests that any cross-examination by the defense be rescheduled for a later date to provide the defense an opportunity to prepare properly so as not to prejudice Mr. Napout's rights.

Respectfully submitted,

Marc A. Weinstein