

SIDLEY AUSTIN LLP
787 SEVENTH AVENUE
NEW YORK, NY 10019
+1 212 839 5300
+1 212 839 5599 FAX

AMERICA • ASIA PACIFIC • EUROPE

MLEVY@SIDLEY.COM
+1 212 839 7341

October 25, 2018

**By ECF**

The Honorable Pamela K. Chen
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: *United States v. Juan Ángel Napout & Jose Maria Marin,*
     15 Cr. 252 (S-2) (PKC) (RML)

Dear Judge Chen:

  Pursuant to the Court's orders of October 4 and 9, 2018, the Confederation of North, Central America and Caribbean Association Football ("CONCACAF") respectfully submits (i) a summary of the tasks and activities that were undertaken by CONCACAF in response to Government requests relating to the investigation and prosecution of this case, and (ii) billing records and expense documentation supporting its claim for attorneys' fees, costs, and related expenses, coded to identify which were incurred as a result of which particular tasks and activities.

  As explained below, CONCACAF has decided not to press for restitution on a large number of tasks performed as part of its internal investigation—tasks that, although generally or specifically encouraged or invited by the Government, might have been undertaken even without a Government request. Thus, in response to the Court's October 9 order, CONCACAF respectfully submits that all of the remaining tasks and activities referenced above (which are described in greater detail below) would not have been undertaken but for the Government's request. Based on conversations with the Government, CONCACAF believes that the Government supports CONCACAF's position that the identified tasks and activities were undertaken in response to Government requests and, conceptually, qualify for restitution. The Government has not, however, reviewed any of the specific billing entries or expenses that CONCACAF has identified as relating to those particular tasks and activities.

  In addition, CONCACAF is also submitting the billing records relating to the attorneys' fees and expenses it has incurred in connection with submitting to this Court its claim for

Sidley Austin (NY) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

restitution. Although these fees and expenses were not incurred in response to any Government request, CONCACAF submits that the cost of assembling and presenting its claim for restitution was necessary to the prosecution of the offenses of conviction. Again, based on conversations with the Government, CONCACAF understands that the Government supports CONCACAF's position that this category of activity qualifies for restitution. The Government has not, however, reviewed any of the specific billing entries or expense records that CONCACAF has identified as falling within this category.

Pursuant to prior court order, CONCACAF is filing all of the aforementioned billing and expense records under seal.

Summary of Tasks and Activities

I. Overview

In order for the Court to understand CONCACAF's submissions, a brief overview will be helpful. CONCACAF was first contacted by the U.S. Attorney's Office in October 2012. At that time, CONCACAF was engaged in an internal investigation that it had previously initiated of CONCACAF's former leaders, Jack Warner and Chuck Blazer, both of whom were ultimately charged as defendants in this case (the "First Internal Investigation"). Starting with that initial call from the Government, CONCACAF spent years—both before and after the return of the first indictment—responding to various specific requests from the Government for information, evidence, and assistance.

As the Court is aware, the first indictment in this case was unsealed on May 27, 2015. By that time, the First Internal Investigation had already been concluded. Nonetheless, based on the charges in the indictment and conversations with the Government, CONCACAF immediately embarked on a second internal investigation (the "Second Internal Investigation"). That investigation—which focused largely on the more recent period after the departure of Warner and Blazer—was encouraged and invited by the Government, and CONCACAF regularly supplied the Government with updates on the information that the investigation produced. Nonetheless, CONCACAF understands that the Government's current position is that the expense of the Second Internal Investigation does not qualify for restitution because it was both encouraged by the Government and undertaken by CONCACAF for reasons that go beyond responding to Government requests for assistance with its investigation and prosecution of the charged enterprise.

Although CONCACAF does not agree that the circumstances of the Second Internal Investigation necessarily remove the cost of the investigation from eligibility for restitution, CONCACAF has nonetheless decided not to burden this process with the complex legal and

factual questions that would surround resolving the issue. Accordingly, although it means foregoing possible entitlement to restitution for attorneys' fees and expenses associated with the Second Internal Investigation,[1] CONCACAF is limiting its request for restitution for attorneys' fees and expenses to those that relate to responding to specific requests from the Government for information, evidence, or assistance, or relate to the expense of making CONCACAF's claim for restitution.[2]

II.     Tasks and Activities Undertaken in Response to Government Requests

Consistent with the foregoing, CONCACAF is submitting Sidley's billing records relating to two distinct billing matters where Sidley billed time to tasks and activities that were in response to Government requests relating to the investigation and prosecution of this case: "DOJ Investigation," which is client-matter number no. 55315-30110 (Exhibit A); and "New Internal Investigation," which is client-matter no. 55315-30210 (Exhibit B).[3] The former matter was opened in October 2012 when the Government first reached out to CONCACAF for assistance related to the Government's investigation. The latter was opened shortly after the first indictment was unsealed, and principally involved tasks associated with the Second Internal Investigation, but also included a limited number of tasks that were in response to Government requests relating to the investigation and prosecution of this case.

---

[1] For the same reason, CONCACAF is also voluntarily foregoing its request for restitution for the expense of providing documents to FIFA to aid FIFA's own internal investigation.

[2] Although CONCACAF has decided not, itself, to press the legal and factual issues relating to a claim for restitution in connection with the expense of an internal investigation, CONCACAF respectfully requests the opportunity to do so if the Court ultimately rules in response to the submission of any other victim that such expenses do, in fact, qualify for restitution.

[3] Billing records are generally not privileged unless they "reveal the motive of the client seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of law." *Bernstein v. Mafcote, Inc.*, 43 F. Supp. 3d 109, 114 (D. Conn. 2014) (internal quotation marks omitted). To the extent any time-entries or vendor bills would reveal privileged information, CONCACAF has redacted so much as is necessary to preserve the privilege. For clarity, CONCACAF is not waiving its attorney-client privilege and has taken all reasonable steps to preserve it.

# SIDLEY

CONCACAF is not seeking restitution for all of its billing in these matters. Rather, per the Court's orders of October 4 and 9, CONCACAF has: (i) reviewed the billing records in these matters; (ii) categorized the tasks and activities within those matters that were undertaken by CONCACAF in response to Government requests relating to the investigation and prosecution of this case; and (iii) removed those time entries that do not include work related to those tasks and activities. On the billing records themselves, CONCACAF has included a column at the far right indicating the category of compensable tasks or activity to which any particular time entry belongs. The specific categories for the two client-matters are set forth in the table below.

| **55310-30110 — DOJ Investigation** |
| --- |
| *Pre-Indictment* |
| • Initial Calls and Meetings with USAO from October 2012 - January 2013 re: Cooperation with Government Requests<br>• Collect and Produce Documents in Response to Various 2013 & 2014 USAO Requests<br>• Various 2013 & 2014 Update Calls and Meetings with USAO |
| *Post-Indictment* |
| • Collect and Produce Documents in Response to Various USAO Requests<br>• Respond to USAO Requests for Information re: Havah-Younge Request<br>• Respond to USAO Requests for Information re: Cartan<br>• Requested Meetings/Presentations and Other Updates to USAO<br>• USAO-Requested Taint Review<br>• Collect and Produce Requested Documents to USAO for Trial<br>• Respond to USAO Trial Witness Requests |

| **55310-30210 — New Internal Investigation** |
| --- |
| • Collect and Produce Documents in Response to USAO Requests |
| • Requested Meetings/Presentations and Other Updates to USAO |
| • USAO-Requested Search Warrant Inventory Review |
| • USAO-Requested Taint Review |

# SIDLEY

The total amount paid by CONCACAF for the attorneys' fees related to the forgoing tasks and activities is $1,342,837.75. In addition, CONCACAF is also submitting expenses and vendor bills associated with the foregoing tasks. Those bills are from Consilio (Exhibit C), Berkeley Research Group (Exhibit D), and BDO (Exhibit E). The total amount for those expenses is $139,390.70. Thus, the total attorneys' fees and other expenses resulting from tasks and activities that were in response to Government requests relating to the investigation and prosecution of this case is $1,482,228.45.

III.  Cost of Assembling and Presenting Restitution Claim

As noted above, CONCACAF is also submitting records of the attorneys' fees and expenses associated with assembling and presenting CONCACAF's restitution claim to the Court (Exhibit F and Exhibit G). The total amount of those attorneys' fees and expenses is $405,568.58.[4]

## Conclusion

Accordingly, CONCACAF respectfully submits that it is entitled to restitution for attorneys' fees and other expenses in a total amount of $1,887,797.03.

Respectfully submitted,

*Michael Levy*

Michael A. Levy
Timothy J. Treanor
Richard J. Widmann

cc: All counsel of record (by ECF)

---

[4] CONCACAF notes that attorneys' fees in this category will continue to accrue after today, and respectfully requests an opportunity to supplement its submission with additional billing records prior to the Court's issuance of a final restitution order.