UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UNITED STATES OF AMERICA,

            - against -                        **SECTION 3582(c)(1)(A) EXHAUSTION AUTHORITIES**

JUAN ANGEL NAPOUT,                      15-CR-252 (PKC)

              Defendant.
-------------------------------------------------------X
PAMELA K. CHEN, United States District Judge:

      On April 10, 2020, the Court denied, on the record, Defendant Juan Angel Napout's motion for a sentencing reduction based on "extraordinary and compelling reasons" pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The Court's ruling was predicated, in part, on its finding that the exhaustion of administrative remedies, as set forth in Section 3582(c)(1)(A), is at least a statutory requirement and that Defendant Napout's failure to satisfy this requirement deprived the Court of the authority to grant him a sentencing reduction under Section 3582(c)(1)(A). The Court now identifies the case law upon which it relied in reaching that conclusion: *United States v. Raia*, No. 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020); *United States v. Hernandez*, 19-CR-834 (PAE), 2020 WL 1445851, at *1 (S.D.N.Y. Mar. 25, 2020); *United States v. Monzon*, 99-CR-157 (DLC), 2020 WL 550220, at *2 (S.D.N.Y. Feb. 4, 2020); *United States v. Cohen*, 18-CR-602 (WHP), 2020 WL 1428778, at *1 (S.D.N.Y. Mar. 24, 2020); *United States v. Quashie*, 14-CR-376 (BMC), 2019 WL 7194211, at *1 (E.D.N.Y. Dec. 26, 2019); *see also Ross v. Blake*, __ U.S. __, 136 S. Ct. 1850, 1857 (2016) (stating that where there is a statutory exhaustion provision, "Congress sets the rules—and courts have a role in creating exceptions only if Congress wants them to").

      In addition, to the extent Defendant has argued that exhaustion should not be required because, due to the swift-moving nature and alleged inevitability of the COVID-19 pandemic,

along with Defendant's age (turning 62 in May), seeking administrative relief under Section 3582(c)(1)(A) would be "futile" (Dkt. 1328, at 17–18)[1], the Court finds that the facts of this case—including that, according to the only available data, Defendant is only at slightly higher risk of experiencing more serious consequences from the virus, if contracted, than younger inmates, and the lack of any reported cases of the virus in the federal facility where Defendant is incarcerated—do not support a finding that seeking administrative remedies would be futile in this case.

SO ORDERED.

/s/ Pamela K. Chen
Pamela K. Chen
United States District Judge

Dated: April 14, 2020
　　　　Brooklyn, New York

---

[1] *See, e.g., United States v. Zukerman*, 16-CR-194 (AT), 2020 WL 1659880, at *3–4 (S.D.N.Y. Apr. 3, 2020) (finding Section 3582(c)(1)(A) exhaustion futile where 75-year-old defendant who suffered from diabetes, hypertension, and obesity was, according to "[h]is doctor," in the "highest risk category for complications and death from [COVID-19] if infected") (internal quotation marks omitted).