

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

MKM/SPN/KDE

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

August 14, 2020

By ECF

The Honorable Pamela K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

           Re:    United States v. Juan Ángel Napout
                   Criminal Docket No. 15-252 (S-2) (PKC)

Dear Judge Chen:

        The government respectfully writes in reference to defendant Juan Ángel Napout's July 7, 2020 motion for a sentence reduction based on concerns about the Coronavirus Disease-2019 ("COVID-19") pandemic.  ECF Dkt. No. 1409.

        By way of brief background, the parties last appeared before the Court on July 21, 2020, for a hearing on Napout's motion.  During the hearing, the parties discussed the fact that Napout had tested positive for COVID-19 on July 16, 2020[1] and was in quarantine at FCI Miami.  After hearing argument, the Court denied Napout's motion with leave to renew the motion if his circumstances materially changed.  The Court directed the government to report to the Court and defense counsel whether Napout developed any symptoms of COVID-19 and any information about a change in circumstances provided by the Bureau of Prisons ("BOP").  Thereafter, the government provided updates, including copies of medical records, on July 23, July 31, and August 11, 2020.  ECF Dkt. Nos. 1421, 1426, 1428.

        The government has been informed by the BOP that, yesterday afternoon, Napout was released from isolation and returned to general population housing in FCI Miami, having remained asymptomatic for COVID-19 since July 16, 2020, and having been cleared to leave isolation based on the time-based and symptoms-based protocols used by the BOP.  Unless directed otherwise by the Court, the government does not intend to continue to seek updates about Napout's condition from the BOP and, therefore, anticipates that this will

---

      [1] The COVID-19 test was administered on July 16, 2020 and the positive result was received on July 19, 2020, at which time Napout entered isolation.

be its final update to the Court on this matter.  Of course, if the government becomes aware of any material change in circumstances, it will promptly inform the Court.

Finally, during the July 21, 2020 hearing, the Court noted that although Napout's and the government's recent submissions [Dkt. Nos. 1415, 1418, and 1420] had been filed under seal, the fact of Napout's positive COVID-19 test had been shared with the press, obviating any concerns about discussing Napout's medical condition on the public record.  See Transcript dated July 21, 2020, at 4-5 (citing New York Times article and noting "both sides should feel that they can reference the information contained in the sealed documents, if necessary, to discuss the current situation"); see also "Jailed Soccer Official Contracts Coronavirus in Florida Prison," New York Times, July 20, 2020 (quoting from a telephone interview with Napout's lawyer Marc Weinstein).  The Court further indicated that it would "take up the issue of unsealing the actual filings themselves afterwards and after Mr. Weinstein has had a chance to speak to Mr. Napout further on this issue."  Id.

The government hereby informs the Court that it does not oppose the unsealing of the submissions at Docket Numbers 1418 and 1420, and respectfully submits that the reasons for sealing those documents no longer exist given the on-the-record, public discussion of the facts and legal arguments contained therein.  See United States v. Aref, 533 F.3d 72, 83 (2d Cir. 2008) (noting "the requirement that district courts avoid sealing judicial documents in their entirety unless necessary"); Lugosch v. Pyramid Co., 435 F.3d 110, 119-20 (2d Cir. 2006) (noting that sealing orders should be "narrowly tailored" and based on "specific, on the record findings" supporting sealing).  By contrast, there continues to be a basis to maintain under seal the detailed reports as to Napout's medical information filed at Docket Numbers 1415, 1421, 1426, and 1428, which include as attachments Napout's detailed medical records.  Accordingly, the government does not object to the Court maintaining those documents under seal.

Because this letter does not include any detailed medical or other sensitive information, it has not been filed under seal.

Respectfully submitted,

SETH D. DuCHARME
Acting United States Attorney

By:      /s/
Samuel P. Nitze
M. Kristin Mace
Keith D. Edelman
Assistant U.S. Attorneys
(718) 254-7000

cc:    Counsel of record (by email)
Clerk of Court (PKC) (by ECF)

2